UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRIAN D. PETTIFORD,

                            Plaintiff,

                -against-

THE CITY OF YONKERS, YONKERS POLICE
OFFICER VINNIE DEVITO, YONKERS
POLICE OFFICER ALEX DELLADONNA,
YONKERS POLICE OFFICER PETER
SCHWARTZ, YONKERS POLICE OFFICER
DENNIS MOLINA #646, YONKERS POLICE
OFFICER CHRISTIAN KOCH #699, ALL
DEFENDANTS INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES AS
EMPLOYEES OF THE CITY OF YONKERS,

                            Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

14 Civ. 6271 (JCM)

      On July 25, 2014, Plaintiff Brian D. Pettiford ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that Defendant City of Yonkers and Defendant Yonkers Police Officers Vinnie Devito, Alex Delladonna, Peter Schwartz, Dennis Molina and Christian Koch (jointly "Defendants") subjected him to false arrest, malicious prosecution, and unreasonable search and seizure during two separate arrests in 2012.[1] (Docket No. 1). However, in light of Plaintiff's repeated failures to appear for conferences scheduled by the Court, Defendants moved to dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Docket Nos. 57, 58, 59). On September 7, 2017, the undersigned granted Defendants' motion, (Docket No. 60), and the Clerk of Court closed the case the following day,

---

[1] In relation to these arrests, Plaintiff pled guilty to one count of attempted criminal possession of a weapon in the third degree and served three years in state prison. (Docket No. 62).

-1-

(Docket No. 61). Plaintiff now moves to reopen the case in light of the fact that his underlying criminal conviction was vacated. (Docket Nos. 62, 65, 66). For the reasons that follow, Plaintiff's motion is granted.

## I. BACKGROUND

Plaintiff initially brought this action without representation. (Docket No. 1). On March 23, 2016, Paula Johnson Kelly, Esq. ("Ms. Kelly") filed a Notice of Appearance, indicating that she was now representing Plaintiff. (Docket No. 26). However, by letter dated October 17, 2016 and at the October 20, 2016 status conference before the undersigned, Ms. Kelly sought permission to withdraw as counsel, indicating that she had not had any contact with Plaintiff in months despite repeated and diligent efforts. (Docket No. 42). Accordingly, the Court instructed Ms. Kelly to file a motion to withdraw, (Docket No. 52), and further directed her to provide Plaintiff with notice of the attendant oral argument scheduled for December 7, 2016. Ms. Kelly timely filed her unopposed motion to withdraw and provided Plaintiff with notice of the oral argument. (Docket Nos. 53, 54). Counsel for the parties subsequently appeared for oral argument on December 7, 2016. The Court waited thirty minutes for Plaintiff to arrive, but he failed to appear and provided no explanation to the Court. After hearing argument, the Court granted Ms. Kelly's motion and mailed a copy of its Order to Plaintiff. (Docket No. 55). The Court also scheduled a status conference for February 10, 2017 and directed Plaintiff to notify the Court as to whether he had either retained new counsel or was proceeding *pro se*. (*Id.*). The Court mailed a copy of the Minute Entry memorializing that Order to Plaintiff on December 8, 2016. Plaintiff did not contact the Court.

On February 10, 2017, the Court waited over an hour, but Plaintiff failed to appear. Plaintiff did not contact the Court or Defendants to advise that he would not appear.

Accordingly, the Court directed Plaintiff to appear on March 3, 2017 to show cause as to why his case should not be dismissed for failure to prosecute and warned him that "failure to appear at the next conference may result in dismissal of this action." (*See* Feb. 10, 2017 Min. Entry). Thereafter, on February 13, 2017, the Court further issued an Order to Show Cause directing the parties to appear for a hearing on March 3, 2017. (Docket No. 56). The Order, mailed to Plaintiff on February 14, 2017, again warned Plaintiff that failure to appear could result in dismissal of his case. (*Id.*). Nevertheless, Plaintiff did not appear. Defendants subsequently moved to dismiss the case for failure to prosecute on March 31, 2017. (Docket Nos. 57, 58, 59). Plaintiff did not oppose the motion. On September 7, 2017, the undersigned granted Defendants' motion. (Docket No. 60).

By letter dated May 11, 2018, Plaintiff asked that the Court reopen his case. (Docket No. 62). Plaintiff states that on May 8, 2018, his criminal attorney notified him that his "conviction was being overturned . . . due to new found [sic] evidence that the officers lied to get a conviction[.]" (Docket No. 62 at 2). On June 12, 2018, the Court received another letter from Plaintiff indicating that the Westchester County District Attorney's Office planned to join in a motion to vacate judgment pursuant to N.Y. C.P.L. § 440.10. (Docket No. 65). Plaintiff's criminal conviction was ultimately vacated. (*Id.*). Plaintiff, who has already served the entirety of his three year prison sentence, now requests that his case be reopened "in the interest of justice." (Docket No. 62 at 2).

## II. LEGAL STANDARD

"Motions to set aside a dismissal for failure to prosecute are properly brought under Rule 60(b) which provides that . . . 'the court may relieve a party . . . from a final judgment, order or proceeding.'" *Canini v. United States Dep't of Justice Fed. Bureau of Prisons*, No. 04 Civ. 9049

(CSH), 2008 WL 818696, at *2 (S.D.N.Y. Mar. 26, 2008)[2] (quoting Fed. R. Civ. P. 60(b)).

Federal Rule of Civil Procedure 60(b) provides six grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). All Rule 60(b) motions must be made within a reasonable time, but motions made under Rule 60(b)(1)–(3) must be made no more than a year after the entry of the judgment.[3] Fed. R. Civ. P. 60(c)(1).

"In deciding a Rule 60(b) motion, a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (1987); *Apex Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, No. 11 Civ. 9718 (ER), 2017 WL 456466, at *7 (S.D.N.Y. Feb. 1, 2017) ("Rule 60(b) motions are left to the sound discretion of the district judge."); *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."). Significantly, "[t]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as those represented by counsel." *Broadway v. City of New York*, No. 96 Civ. 2798 (RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

---

[2] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and other cases, *infra*, that are unpublished or only available by electronic database, accompany this Order and shall be simultaneously delivered to *pro se* Plaintiff.

[3] Plaintiff's motion is deemed timely as it was filed less than one year after this Court's September 2017 judgment. *See* Fed. R. Civ. P. 60(c)(1).

Where, as here, the movant fails to specify which subsection of Rule 60(b) on which he relies, the Court is required to consider whether the movant's argument falls "within one of the first five subsections of Rule 60(b), before relying on the catch-all provision of Rule 60(b)(6)." *New York City Dist. Council of Carpenters Pension Fund v. G & M Drywall Systems Inc.*, No. 07 Civ. 1969(CM), 2010 WL 2291490, at *1 (S.D.N.Y. June 1, 2010). Nevertheless, the Court finds that only subsection (6) is potentially relevant here.[4] *See Polit v. Global Foods Int'l Corp.*, No. 14 Civ. 7360 (JPO), 2016 WL 632251, at *1 (S.D.N.Y. Feb. 17, 2016) (finding relief warranted under Rule 60(b)(6) where no other subsection applied and the movant would suffer extreme hardship were relief denied). While Plaintiff undoubtedly exhibited a pattern of neglect prior to the dismissal of his case, he does not argue that his neglect was excusable and that therefore, this Court should reopen his case; rather, Plaintiff asserts that his case should be reopened in the interest of justice. Accordingly, the Court does not find that Plaintiff's motion is fairly premised on grounds raised in subsections (1) through (5), and proceeds to analyze this request under Rule 60(b)(6).

## III. DISCUSSION

Rule 60(b)(6) permits "courts to vacate judgments whenever necessary to accomplish justice[.]" *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009). While Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case," *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal quotation marks omitted), "that reservoir is not bottomless," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Thus, "relief under Rule 60(b)(6) is only

---

[4] Rule 60(b)(2) authorizes relief from a judgment on the basis of newly discovered evidence. To succeed under Rule 60(b)(2), the "newly discovered evidence" must consist "of facts that existed at the time of trial or other dispositive proceeding[.]" *Apex Emp. Wellness Servs., Inc.*, 2017 WL 456466, at *7 (internal quotation marks omitted). Given that Plaintiff's conviction was overturned *after* this Court's prior judgment, it cannot be said that this fact existed at the time of judgment, or that Plaintiff "ostensibly had knowledge of the evidence before the judgment was entered," *Sahni v. Staff Attorneys Assoc.*, No. 14 Civ. 9873 (NSR), 2018 WL 654467, at *6 (S.D.N.Y. Jan. 30, 2018), as is required under Rule 60(b)(2).

available in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). In determining whether extraordinary circumstances exist, a court may consider a wide range of factors, including, "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988); *see also Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963) ("[T]he rule should be liberally construed when substantial justice will thus be served."). Generally, the Second Circuit requires that a movant: (1) support its motion with highly convincing evidence; (2) show good cause for its failure to act sooner; and (3) prove that granting the motion will not impose any undue hardship on the other parties. *See Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *Green ex rel. Estate of Green v. Advanced Cardiovascular Imaging*, No. 07 Civ. 3141(JCF), 2009 WL 3154317, at *2 (S.D.N.Y. Sept. 30, 2009); *Broadway*, 2003 WL 21209635, at *3.

Here, the Court finds "that the interests of justice dictate" reopening the case. *Jackson v. Refined Sugars, Inc.*, 24 F. Supp. 2d 322, 324 (S.D.N.Y. 1998). Given that "courts view Rule 60(b) motions more favorably where, as here, granting the motion will permit an adjudication on the merits," *P.T. Busana Idaman Nurani v. Marissa by GHR Industries Trading*, 151 F.R.D. 32, 36 (S.D.N.Y. 1993), the Court is persuaded that the circumstances are sufficiently extraordinary to invoke relief under Rule 60(b)(6).

**A. Highly Convincing Evidence**

Plaintiff's complaint alleges that Defendants subjected him to an illegal search. (*See* Docket No. 1). In response, Defendants had argued that the search was justified and based upon probable cause. However, Plaintiff now provides this Court with highly convincing evidence

that his search lacked probable cause. (*See* Docket Nos. 62, 65). By letter dated May 10, 2018, the Westchester District Attorney's Office indicated that the affidavit sworn in connection with the search warrant application that led to Plaintiff's arrest and prosecution contained "statements of fact in conflict with the records of the Yonkers Police Department and the Yonkers Forensic Laboratory."[5] (Docket No. 65 at 1). Accordingly, the Westchester District Attorney's Office joined in a motion to vacate Plaintiff's criminal conviction. (Docket No. 65). This evidence indicates that Plaintiff "may well have a substantial chance of success on the merits." *Cavalliotis v. Salomon*, 357 F.2d 157, 159 (2d Cir. 1966).

Given that Plaintiff served *three years* in connection with an arrest and prosecution that were based upon on an officer's misrepresentations, the Court finds that Plaintiff has provided this Court with highly convincing evidence that he would suffer an extreme hardship if he were not given a fair hearing on his claim. While the Court does not condone Plaintiff's prior conduct in this case, the Court is persuaded by "its duty to do justice." *Peterson v. Term Taxi, Inc.*, 429 F.2d 888, 891 (2d Cir. 1970) (internal quotation marks omitted); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993) ("[A]n understandable zeal for a tidy, reduced calendar of cases should not overcome a court's duty to do justice in the particular case. It is the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard."); *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968) ("[A] court must not let its zeal for a tidy calendar overcome its duty to do justice."); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 101 (2d Cir. 2001) ("[The movant] has demonstrated

---

[5] The affidavit provides dates for multiple controlled buys and states that the "evidence was property clerked and [ ] transported to the Yonkers Police Department Forensic Laboratory for further analysis." (Docket No. 65 at 5 (internal quotation marks omitted). The Westchester District Attorney's Office has found that other records indicate, however, that no evidence was secured in connection with the investigation prior to the warrant's execution. (*Id.*). Rather, the evidence was received seven days after the warrant's execution. (*Id.*).

'extraordinary circumstances' under Rule 60(b)(6), because she would be left without a remedy if the motion were not granted.").

**B. Good Cause for Failure to Act Sooner**

In addition, Plaintiff has shown good cause for his failure to act sooner. "To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), [courts] look at the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 190 n. 8 (2d Cir. 2006) (quoting *Kotlicky*, 817 F.2d at 9). Though Plaintiff filed his motion to vacate eight months after this Court dismissed his case for failure to prosecute, the Court does not find Plaintiff's delay unreasonable.[6] *See Cavalliotis*, 357 F.2d at 159 ("Although the motion to vacate was not made until some eighteen months after the entry of the order of dismissal, this was not necessarily an unreasonable delay."). Plaintiff became aware of the extraordinary circumstances warranting relief on May 8, 2018 and the Court received his motion less than one week later. (*See* Docket No. 62). Plaintiff had no reason to believe that the facts surrounding his case would change so drastically prior to May 8. "In light of the unusual circumstances causing the Plaintiff's delay, the balance between the policy in favor of hearing a litigant's claims on the merits and the policy in favor of finality . . . tips

---

[6] "The Supreme Court has suggested, in dicta, that Rule 60(b)(6) relief is not available if the moving party is even partly to blame for the delay." *Stevens*, 676 F.3d at 68 n. 4 (citing *Pioneer*, 507 U.S. at 393). However, the Second Circuit has not yet considered "whether such a categorical bar on the availability of a Rule 60(b)(6) motion is appropriate in all circumstances." *Id.* While this case was previously dismissed due to Plaintiff's inaction and thus any delay in prosecuting this case is attributable to Plaintiff, Plaintiff is not to blame for the eight month delay in filing his 60(b) motion on the basis of the extraordinary circumstances at issue here. Plaintiff could not have known that his criminal conviction would be vacated due to misrepresentations made in connection with his arrest and prosecution. In any event, prior to *Pioneer*, courts in this Circuit held that even a willful default could be set aside under 60(b)(6) for compelling reasons. *See Wagstaff-EL v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990); *Amorosi v. Comp USA*, No. 01 Civ. 4242 (KMK), 2005 WL 66605, at *4 (S.D.N.Y. Jan. 12, 2005) ("[R]elief under subsection (6) may be warranted in extraordinary circumstances involving neglect."); *Peterson*, 429 F.2d at 891 (finding justice impaired by the trial court's "close inflexible attention to the docket" even though plaintiff's conduct "was an affront to the court").

decidedly in the Plaintiff's favor." *DeLong v. Soufiane*, No. 05 Civ. 5529 (ADS)(WDW), 2008 WL 4561617, at *4 (E.D.N.Y. Oct. 10, 2008) (internal citation and quotation marks omitted).

**C. Undue Hardship**

Defendants argue that reopening this case subjects Defendants to undue prejudice and is against the interest of judicial economy. (Docket No. 64 at 4). Nevertheless, the Court finds that the danger of prejudice to Defendants is not so great as to outweigh the injustice that Plaintiff would suffer through a dismissal. *See Foley v. United States*, 645 F.2d 155, 157 (2d Cir. 1981). While the Court recognizes that the alleged illegal searches underlying this matter occurred in 2012, discovery has already begun to take place. *Compare Green*, 2009 WL 3154317, at *3 (finding no prejudice to nonmoving party where discovery was well under way and the delay would not impact its ability to conduct discovery), *with Williams v. New York City Dept. of Corrections,* 219 F.R.D. 78, 86 (S.D.N.Y. 2003) (finding prejudice where underlying incident took place six years earlier and no discovery had taken place).

Thus, the Court will vacate the judgment in accordance with the Second Circuit's preference for a resolution of issues on their merits. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The Court emphasizes, however, that any further dilatory conduct by Plaintiff or disregard for the Court's orders may result in the imposition of sanctions to compensate Defendants for the costs incurred in addressing any continuing defaults in this action. *See White Plains Housing Authority v. Getty Properties Corp.*, No. 13 Civ. 6282 (NSR), 2017 WL 1498041, at *6 (S.D.N.Y. Apr. 25, 2017).

**III. CONCLUSION**

For the reasons set forth above, Plaintiff's motion is granted. The parties are directed to appear for a conference on August 2, 2018 at 10:00 A.M. before Magistrate Judge Judith C.

McCarthy in Courtroom 421, 300 Quarropas Street, White Plains, NY 10601. The Clerk of Court is respectfully requested to terminate the pending motion, (Docket No. 62), mail a copy of this Order to the *pro se* Plaintiff, and reopen this case.

Dated: July 10, 2018
        White Plains, New York

**SO ORDERED:**

*Judith C. McCarthy*
JUDITH C. McCARTHY
United States Magistrate Judge