

707 Westchester Avenue, Suite 309
White Plains, New York 10604
**T**: (914) 298-2260
**F**: (914) 298-2270
www.ansalaw.com

Direct Dial: (914) 298-2266
thomas.oconnor@ansalaw.com

November 6, 2020

**VIA ECF**

Hon. Judith C. McCarthy
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

> **SO ORDERED:**
> Defendants are directed to respond to this letter by close of business on November 20, 2020.
>
> _Judith C. McCarthy_   _11-19-2020_
> JUDITH C. McCARTHY
> United States Magistrate Judge

Re:   *Pettiford v. The City of Yonkers, et al.*
       Docket No.: 14-cv-06271 (JCM)

Dear Judge McCarthy:

This firm and Sayegh & Sayegh, P.C. represent Plaintiff Brian D. Pettiford.

Pursuant to the Court's Minute Order, dated October 30, 2020, Defendants have provided Plaintiff with the court docket number related to YPD Narcotics Investigation Incident No. 12-24965; specifically, Yonkers Criminal Court Docket No. 12-1558. Defendants represent that the case was sealed pursuant to a Superior Court Information in the Supreme Court of Westchester County, SCI No. 12-0520.

Plaintiff's investigation has determined the identity of the individual arrested in YPD Narcotics Investigation Incident No. 12-24965 on March 13, 2012. The individual has informed counsel for Plaintiff that the record was sealed because of his status as a Youth Offender at the time of his arrest. He has provided a fully executed waiver for the release of all sealed records related to his arrest and conviction to Sayegh & Sayegh, P.C. We are providing his signed and notarized authorization to Defendants' counsel under separate cover.

We request that this Court order Defendants to produce the entire underlying investigation file and all other documents in their possession related to YPD Narcotics Investigation Incident No. 12-24965. It is "well established that, absent a statute or order of the court which rendered the youthful offender adjudication, disclosure of the information in the

Hon. Judith C. McCarthy<br>
November 6, 2020<br>
Page 2

confidential records may not be compelled unless the youthful offender has waived the privilege." *New York Municipal Ins. Reciprocal v. Village of Briarcliff Manor Police Dep't*, 61 Misc.3d 1223(A), 111 N.Y.S.3d 802, 2018 WL 6253427 at *2 (Supreme Ct. Westchester Co. 2018) (citing *Castiglione v. James, F.Q.*, 115 A.D.3d 696, 981 N.Y.S.2d 801 (2d Dep't 2014); *Auto Collection, Inc. v. C.P.*, 93 A.D.3d 621, 939 N.Y.S.2d 541 (2d Dept 2012); *Green v. Montgomery*, 95 N.Y.2d 693, 723 N.Y.S.2d 744 (2001); *Doe v. D'Angelo*, 154 A.D.3d 1300, 62 N.Y.S.3d 680 (4th Dept 2017).

Thank you for your consideration.

Respectfully submitted,

Thomas O. O'Connor

cc:   All Parties of Record (via ECF)